IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY NETTLES, individually and on behalf of similarly situated persons, | ) ) ) Case No. 18-cv-7766 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BLATT, HASENMILLER, LEIBSKER & MOORE LLC, MIDLAND FUNDING LLC, and MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS MIDLAND FUNDING LLC AND
MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO STAY DISCOVERY**

Defendants Midland Funding LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively, "Defendants"), by and through their undersigned attorneys, move this Court to enter an order staying discovery until this Court has ruled on Defendants' Motion to Compel Arbitration, which was filed on February 5, 2019. Dkt. 19. In support of their Motion to Stay Discovery, Defendants state as follows:

1. On November 21, 2018, Plaintiff filed this putative class action against Defendants Blatt, Hasenmiller, Leibsker & Moore LLC, Midland Funding and MCM, alleging that they purportedly made false, deceptive and/or misleading representations in connection with her credit card account in violation of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 1.

2. Defendants filed their Answer to the Complaint on January 11, 2019, asserting as one of their affirmative defenses that Plaintiff's claim is subject to arbitration and a class action waiver. Dkt. 14.

3. At the initial status hearing, Defendants indicated that they would likely file a motion to compel arbitration. Accordingly, the Court set a briefing schedule for the motion to compel arbitration in the event Defendants filed such motion. Dkt. 16.

4. In addition, the Court set various discovery deadlines, including compliance with the Court's Mandatory Initial Discovery Pilot Project by February 19, 2019, a deadline to issue written discovery on March 5, 2019, ESI discovery to be disclosed by April 1, 2019, and a fact discovery deadline of November 5, 2019. Dkt. 16.

5. On February 5, 2019, Defendants filed their motion to compel arbitration. In their motion, Defendants requested that this Court stay or dismiss Plaintiff's claim on the grounds that it is subject to a valid arbitration agreement and a class action waiver contained in the credit card agreement governing Plaintiff's Credit One Bank, N.A. credit card account. Dkt. 19.

6. Plaintiff filed her Response in opposition to Defendants' motion to compel arbitration on February 25, 2019 (Dkt. 25), and Defendants' reply was filed contemporaneously with this motion on March 19, 2019.

7. The Court has set the matter for further status on April 22, 2019. Dkt. 27.

8. In the meantime, to comply with the Court's scheduling order, the parties complied with the initial MIDP deadline on February 19, 2019 and served each other with discovery requests on March 5, 2019. **See Exhibits A and B.** Responses to those requests are due on April 4, 2019. In all of its responses and requests, Defendants expressly reserved their right to arbitrate. Exhibit B.

9. Given the pending motion to compel arbitration, the pending discovery deadlines are premature, unduly burdensome, costly, and unnecessary.

10. District courts enjoy extremely broad discretion in controlling discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Under Federal Rules of Civil Procedure 26(c) and (d), the court may limit the scope of discovery or control of its sequence. Fed. R. Civ. P. 26(c) and (d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

11. Limitation or postponement of discovery is appropriate when a defendant files a motion affecting the jurisdiction of the court. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005). Stays are often deemed appropriate where the pending motion can resolve the case, or where the issue is a threshold one. *Id.*

12. Here, Defendants have set forth in detail in their motion to compel arbitration that Plaintiff's claim is subject to arbitration and a class action waiver. Whether this case should be heard by an arbitrator is a threshold issue that should be decided before the parties engage in further discovery before this Court.

13. Moreover, the discovery being requested does not relate to arbitration issues. Plaintiff had an opportunity to seek discovery on any arbitration issues, but did not seek to do so. Dkt. 27.

14. Because this Court has yet to determine whether Plaintiff's claim should be compelled to arbitration, additional discovery is not yet necessary or appropriate.

15. Accordingly, it is proper for this Court to enter an order staying discovery until the Court has ruled on the motion to compel arbitration.

16. Finally, pursuant to Local Rule 37.2, counsel for Defendants, Heather Kramer, consulted with counsel for Plaintiff, Curtis C. Warner, regarding whether Plaintiff would agree to

stay discovery on March 5, 2019. The parties attempted to resolve their differences in good faith, but were unable to do so.

WHEREFORE, Defendants Midland Funding LLC and Midland Credit Management, Inc., respectfully request that this Court enter an order staying the discovery deadlines, pending resolution of Defendants' Motion to Compel Arbitration.

Dated:  March 19, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MIDLAND FUNDING LLC and
　　　　　　　　　　　　　　　　　　　　MIDLAND CREDIT MANAGEMENT, INC.

　　　　　　　　　　　　　　　　　　　　By:　　　　　s/Heather L. Kramer　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Theodore W. Seitz (tseitz@dykema.com)
　　　　　　　　　　　　　　　　　　　　　　　Heather L. Kramer (hkramer@dykema.com)
　　　　　　　　　　　　　　　　　　　　　　　DYKEMA GOSSETT PLLC
　　　　　　　　　　　　　　　　　　　　　　　10 South Wacker Drive, Suite 2300
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL  60606
　　　　　　　　　　　　　　　　　　　　　　　(312)  876-1700
　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2019, I electronically filed the foregoing **Motion to Stay Discovery** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

By: /s/ Heather L. Kramer